UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
:
MARK ROSENTHAL, as President of Local         :
983, District Council 37, American            :  04 CIV. 5205 (DLC)
Federation of State, County and               :
Municipal Employees, as a Participant         :
or on behalf of the Class of                  :  MEMORANDUM OPINION
Participants in the District Council 37       :        AND ORDER
Health & Security Plan Trust; FAYE            :
MOORE, EDDIE RODRIGUEZ; PATRICK               :
BAHNKEN; RALPH CARBONE; LEONARD               :
DAVIDMAN; GENE DEMARTINO; VICTOR              :
EMANEULSON; JUAN FERNANDEZ; BARBARA           :
HENDERSON; MICHAEL HOOD; ED HYSYK;            :
RAYMOND MARKEY; MICKEY McFARLAND; ALEX        :
PARKER; LOUIS SBAR; JOHN SOCHA; and           :
ENDA WILLIAMS; on behalf of the               :
District Council 37 Health & Security         :
Plan Trust,                                   :
                                              :
                Plaintiffs,                   :
                                              :
         -v-                                  :
                                              :
LILLIAN ROBERTS & OLIVER GRAY,                :
                                              :
                Defendants.                   :
                                              :
------------------------------------------X


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/05

DENISE COTE, District Judge:

This case, which settled on the eve of trial, concerns the governance of District Council 37 ("DC 37"), American Federation of State, County, and Municipal Employees, and that of DC 37's Health and Security Plan Trust (the "Trust"). Specifically, plaintiffs claimed that the defendants, Lillian Roberts ("Roberts") and Oliver Gray ("Gray") breached their fiduciary duties under New York law by amending the Agreement and Declaration of Trust on June 7, 2004 ("June 7 Amendment"), refusing to implement a July 14, 2004 resolution of the DC 37 Executive Board appointing seven new

trustees ("July 14 Resolution"), and by their subsequent actions. Plaintiffs also claimed, pursuant to Section 301 of the Labor Management Relations Act, that the defendants' behavior violated the DC 37 Constitution.

At the final pretrial conference for this action, defendants' counsel informed this Court that the defendants would consent to the entry of a permanent injunction, thereby eliminating the need for a trial. Therefore, on July 20, 2005, judgment was entered permanently enjoining the defendants from acting in any manner pursuant to the June 7 Amendment and voiding such amendment and from failing to recognize the July 14 Resolution or any appointments of trustees by the Executive Board thereafter; and voiding the July 28, 2004 amendment to the Trust Agreement as well as the appointment of trustees made that day. Through a corresponding Order of July 20, a schedule for plaintiffs' motion for attorneys' fees was established.

The plaintiffs' memorandum of law in support of their application for attorneys' fees does not claim any statutory basis for such an award. Instead, plaintiffs argue that that they are entitled to receive attorneys' fees from the Trust on the ground that this litigation "conferred a substantial benefit on the members of DC 37 and on the participants in the Trust." Specifically, the plaintiffs credit this litigation with "stay[ing] an imprudent takeover of the Trust by one of the trustees; re-establish[ing] authority over the Trust by DC 37's governing body,

2

its Executive Board; and br[inging] about the appointment of trustees who were chosen by DC 37's governing body and who remain subject to recall by that governing body." In support of their argument, the plaintiffs cite Trustees v. Greenough, 105 U.S. 527 (1881), in which the Supreme Court provided that

> where one of many parties having a common interest in a trust fund, at its own expense takes proper proceedings to save it from destruction and to restore it to the purposes of the trust, he is entitled to reimbursement, either out of the fund itself, or by proportional contribution from those who accept the benefit of his efforts.

Id. at 532-33. In addition, the plaintiffs cite a handful of other cases, including two derivative actions, in which plaintiffs, having conferred a substantial benefit on an identifiable class by virtue of successful litigation, were awarded attorneys' fees.

In all of the cases plaintiffs cite, the entity against which attorneys' fees were awarded was a party to the underlying litigation. For example, the Greenough case was brought not only against certain current and former trustees of the trust in question but also named as a defendant "the board itself as a corporation." 105 U.S. at 528. In Mills v. Electric Auto-Lite Co., 396 U.S. 375 (1970), the corporation against whom fees were awarded was the primary defendant in the litigation, which sought to have a merger involving that corporation set aside. Id. at 378. Similarly, in Hall v. Cole, 412 U.S. 1 (1973), there was no question that the union from which the plaintiff sought fees after succeeding on his claim to be reinstated to the union under Section

3

102 of the Labor Management Reporting and Disclosure Act was a party to the underlying litigation. See Cole v. Hall, 462 F.2d 777, 778 (2d Cir. 1972) (referring to union as appellant). The sole Second Circuit case cited by the plaintiffs, Amalgamated Clothing and Textile Workers v. Wal-Mart Stores, 54 F.3d 69 (2d Cir. 1995), functioned no differently. Finding that the plaintiffs' action had "conferred a substantial benefit on the shareholders of Wal-Mart," the court affirmed the district court's decision to award attorneys' fees as against Wal-Mart, which was the sole defendant and is collectively owned by its shareholders. Id. at 72.

Even if the plaintiffs in this action can demonstrate that this litigation benefitted all participants of the Trust, the plaintiffs have not shown how Roberts and Gray, who, at most, constitute two out of nine trustees, are in a position to make a decision as to the Trust's responsibility for plaintiffs' attorneys fees. Nor have they addressed whether each of the parties necessary to impose an award of attorneys' fees on the Trust have been made parties to this litigation. For this reason, it is hereby

ORDERED that the plaintiffs shall submit by August 26, 2005 a supplemental brief specifically addressing whether the Trust can be forced to pay attorneys' fees in this litigation when neither the Trust nor the Board of Trustees have been made parties to this

4

action; defendants' opposition brief shall be due on September 9, 2005; and plaintiffs' reply shall be due on September 16, 2005.

IT IS FURTHER ORDERED that at the time the reply is served, plaintiffs shall supply two courtesy copies of all motion papers delivered to Chambers by delivering them to the Courthouse Mailroom, 8th Floor, United States Courthouse, 500 Pearl Street, New York, New York.

SO ORDERED:

Dated:  New York, New York
        August 12, 2005

                                    /s/ Denise Cote
                                    ─────────────────────
                                    DENISE COTE
                                    United States District Judge

5