UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
MARK ROSENTHAL, as President of Local :
983, District Council 37, American  :      04 CIV. 5205 (DLC)
Federation of State, County and     :
Municipal Employees, as a Participant :    MEMORANDUM OPINION
or on behalf of the Class of        :          AND ORDER
Participants in the District Council 37 :
Health & Security Plan Trust; FAYE  :
MOORE, EDDIE RODRIGUEZ; PATRICK     :
BAHNKEN; RALPH CARBONE; LEONARD     :
DAVIDMAN; GENE DEMARTINO; VICTOR    :
EMANEULSON; JUAN FERNANDEZ; BARBARA :
HENDERSON; MICHAEL HOOD; ED HYSYK;  :
RAYMOND MARKEY; MICKEY McFARLAND; ALEX :
PARKER; LOUIS SBAR; JOHN SOCHA; and :
ENDA WILLIAMS; on behalf of the     :
District Council 37 Health & Security :
Plan Trust,                         :
                                    :
                Plaintiffs,         :
                                    :
        -v-                         :
                                    :
LILLIAN ROBERTS & OLIVER GRAY,      :
                                    :
                Defendants.         :
                                    :
------------------------------------X

DENISE COTE, District Judge:

   Following entry of judgment, plaintiffs' counsel has moved for an award of attorneys' fees against non-parties. For the following reasons, the application is denied.

   Plaintiffs, members of District Council 37 ("DC 37"),[1] brought suit in state court to challenge the defendants' amendment to the Trust Agreement that governs the Health and

---

[1] All but two of the plaintiffs are members of DC 37's executive board.

1

Security Plan Trust for DC 37 members, alleging that the amendment was a breach of the trustees' fiduciary duty and a violation of the DC 37 constitution.  The defendants are the Executive Director of DC 37 and her assistant executive director.  Neither DC 37 nor the Trust were named as parties to the lawsuit.  The defendants removed the action to federal court, and on January 28, 2005 the Court found that there was subject matter jurisdiction over the complaint and reaffirmed the preliminary injunction it had granted through an order of August 20, 2004.  See Rosenthal v. Roberts, 2005 WL 221441, at *8 (S.D.N.Y. Jan. 28, 2005).  Familiarity with that opinion is assumed.

A scheduling order of January 28 gave plaintiffs until February 11, 2005 to amend their complaint, and set the case down for trial in June 2005.  At the parties' request, the trial was moved to July.  At a final pretrial conference held on July 13, the parties informed the Court that defendants had consented to entry of a permanent injunction.  Plaintiffs' counsel indicated a desire a move for an award of attorney's fees, and a briefing schedule was set for the motion.  A judgment was entered in plaintiffs' favor on July 20, 2005.

The plaintiffs' motion for attorneys' fees did not describe any statutory basis for an award, but argued that the Trust should pay the fees on the ground that the litigation had conferred a substantial benefit on the members of DC 37 and Trust

participants.  An order of August 12 required the plaintiffs to show through supplemental briefing how the Trust, a non-party, could be forced to pay attorneys fees in this litigation.

In response to the August 12 order, on August 26, plaintiffs filed a motion to vacate the judgment, amend the complaint, and join DC 37 and the Trust as either plaintiffs, defendants, or both.  The motion does not attach a proposed amended pleading.  The motion papers represent that the trustees for the Trust have already voted to direct their counsel to consent to this fee application.

The plaintiffs' briefing in this litigation has been abysmal throughout.  This latest set of submissions is no exception.  Indeed, plaintiffs' counsel submitted two memoranda on August 26, long after the deadline set by a scheduling order for any amendment.  Neither addresses the standards for vacating a judgment or for allowing an amendment of the pleadings for this purpose.

It is unnecessary to spend further resources of the Court to address this novel application.  If the Trust has already agreed to pay the fees for plaintiffs' counsel, then the issue is moot.

Accordingly, it is hereby

ORDERED that the motions for attorneys' fees, to vacate the judgment, and to amend the complaint are denied.

SO ORDERED:

Dated: New York, New York
October 11, 2005

```
                              _____
                                     DENISE COTE
                              United States District Judge
```