USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MARK ROSENTHAL, as President of Local
983, District Council 37, American
Federation of State, County and
Municipal Employees, as a Participant
or on behalf of the Class of
Participants in the District Council 37
Health & Security Plan Trust; FAYE
MOORE, EDDIE RODRIGUEZ; PATRICK
BAHNKEN; RALPH CARBONE; LEONARD
DAVIDMAN; GENE DEMARTINO; VICTOR
EMANEULSON; JUAN FERNANDEZ; BARBARA
HENDERSON; MICHAEL HOOD; ED HYSYK;
RAYMOND MARKEY; MICKEY McFARLAND; ALEX
PARKER; LOUIS SBAR; JOHN SOCHA; and
EDNA WILLIAMS; on behalf of the
District Council 37 Health & Security
Plan Trust,

           Plaintiffs,

  -v-

LILLIAN ROBERTS & OLIVER GRAY,

           Defendants.
----------------------------------------X

04 CIV. 5205 (DLC)

MEMORANDUM OPINION
AND ORDER

DENISE COTE, District Judge:

Plaintiffs have moved for reconsideration under Rule 60(b)(1), Fed. R. Civ. P., of this Court's October 11, 2005 Memorandum Opinion and Order (the "Opinion"). Because plaintiffs have failed to point to a mistake in the Opinion that would compel a different result, the motion is denied.

On July 29, 2005, plaintiffs made a motion to recover attorneys' fees from District Council 37 of the American Federation of State County and Municipal Employees ("DC 37") and

the Health and Security Benefit Trust (the "Trust"), both non-parties to this case. A Memorandum Opinion and Order issued August 12, 2005 analyzed the plaintiffs' request, held that the plaintiffs had not provided an adequate basis for the requested relief, and required them to submit a supplemental brief "specifically addressing whether the Trust can be forced to pay attorneys' fees in this litigation when neither the Trust nor the Board of Trustees have been made parties to this action."

On the deadline set by the August 12 order, plaintiffs submitted a "Motion to Vacate the Judgment, Permit Joinder of Parties, and/or Permit Amendment of the Complaint," a memorandum in support of this motion, and a "Supplemental Memorandum of Law in Support of Application for Attorneys' Fees and in Response to Court's Order Regarding Jurisdiction" (the "Jurisdiction Brief"). The Jurisdiction Brief contained less than a full page of argument and did not include a single citation to any form of legal authority. Plaintiffs asserted simply (and solely) that the Trust and DC 37 had been "actual or effective parties to this action" from the beginning. DC 37 opposed plaintiffs' motion for fees, but the Trust did not respond at all. On September 28, 2005, plaintiffs submitted a reply brief, where they argued for the first time that the All Writs Act, 28 U.S.C. § 1651(a), provided the Court with jurisdiction to order the Trust and DC 37 to pay plaintiffs' fees.

After this round of supplemental briefing had concluded, the Court denied plaintiffs' motions. The Opinion specifically noted the plaintiffs' lack of legal authority for their novel request to amend pleadings after the entry of a judgment for the purpose of collecting attorneys' fees from a non-party, but did not mention the lack of support for plaintiffs' argument in their Jurisdiction Brief. The Opinion concluded that it did not need to address the merits of plaintiffs' arguments, however, because the motion had been mooted by the Trust's consent to pay plaintiffs' fees.

Plaintiffs suggest in their motion papers that the Court mistakenly overlooked their Jurisdiction Brief and reply, based apparently on the Court's failure to discuss them in the Opinion or in a later order in a related case. Even assuming that this motion for reconsideration is timely, but see In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003) (noting Second Circuit case law holding that a "Rule 60(b)(1) motion may not be brought after [the] time for [an] appeal has run") (citing Int'l Controls Corp. v. Vesco, 556 F.2d 665, 670 (2d Cir. 1977)), and that the Court erred by failing to explain its rejection of plaintiffs' All Writs Act argument, contra Playboy Enter., Inc. v. Dumas, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court."), aff'd, 159 F.3d 1347 (2d Cir. 1998), plaintiffs have failed to

3

explain why the Court's conclusion of mootness was mistaken. Plaintiffs have made no showing that a mistake affected the holding of the Opinion, much less a "showing of exceptional circumstances" that would justify relief from judgment. United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). Accordingly, it is hereby

ORDERED that plaintiffs' motion for reconsideration is denied.


SO ORDERED:

Dated: New York, New York
March 29, 2006

------------------------
DENISE COTE
United States District Judge